UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TAWANA BENJAMIN,

                                                        Plaintiffs,            **COMPLAINT**

                    -against-                             23 CV 2823

THE CITY OF NEW YORK and P.O.s  JOHN and JANE    **JURY TRIAL DEMANDED**
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                  Defendants.

-----------------------------------------------------------------X

Plaintiff TAWANA BENJAMIN, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims, as well as supplemental claims pursuant to 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801 *et seq*.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§  1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff TAWANA BENJAMIN is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On February 3, 2022, at approximately 2:30 p.m., plaintiff TAWANA BENJAMIN was lawfully present and asleep in her apartment, the premises known as 502 Marcy Avenue, Apartment 5D, in the County of Kings, in the City and State of New York.

14.     Also present in the apartment was Saalik Jackson, the father of plaintiff TAWANA BENJAMIN's daughter.

15.     Saalik Jackson did not reside in the apartment and rarely visited the apartment.  His name was not on any paperwork concerning the apartment.  No reasonable police officer could have believed that Mr. Jackson had any connection to the apartment other than his infrequent visits.

16.     Notwithstanding that fact, at aforesaid time and place, defendant police officers broke down the door of the apartment, claiming to have an arrest warrant for Saalik Jackson. Defendants did not have a search warrant for the apartment, nor did they claim to have one.  Their entry was, therefore, entirely illegal.

17.     Defendant police officers aggressively entered the apartment, terrorizing plaintiff TAWANA BENJAMIN.

18.     Defendant police officers grabbed plaintiff TAWANA BENJAMIN by the upper arm, causing bruising that lasted for approximately two weeks.

19.     Defendant police officers handcuffed plaintiff TAWANA BENJAMIN, removed her from the apartment wearing nothing but a nightdress, and forced her to sit on filthy steps in the hallway.

20.     Defendant police officers searched the apartment without consent or probable cause to do so.

21.     Defendant police officers remained in the apartment for approximately two hours, at which point they uncuffed plaintiff TAWANA BENJAMIN, brought her back into the apartment, and interrogated her.

22.     As a result of the foregoing, plaintiff TAWANA BENJAMIN sustained, *inter alia*, loss of liberty, physical injury, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff TAWANA BENJAMIN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     As a result of the aforesaid conduct by defendants, plaintiff TAWANA BENJAMIN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31.     As a result of the foregoing, plaintiff TAWANA BENJAMIN's liberty was restricted, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND INVASION OF PRIVACY UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     As a result of the aforesaid conduct by defendants, plaintiff TAWANA BENJAMIN's home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

34.     As a result of the aforesaid conduct by defendants, defendants remained unlawfully within plaintiff TAWANA BENJAMIN's home without any probable cause, privilege or consent.

## FOURTH CLAIM FOR RELIEF
## UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Plaintiff TAWANA BENJAMIN had a possessory interest in her home.

37.     As a result of the aforesaid conduct by defendants, plaintiff TAWANA BENJAMIN's home was unreasonably seized, and defendants interfered with plaintiff's possessory interest in the property.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §  1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff TAWANA BENJAMIN's constitutional rights.

40.     As a result of the aforementioned conduct of defendants, plaintiff TAWANA BENJAMIN was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Each and every individual defendant had an affirmative duty to intervene on behalf of plaintiff TAWANA BENJAMIN to prevent the violation of her constitutional rights.

43.     The individual defendants failed to intervene on behalf of plaintiff TAWANA

BENJAMIN to prevent the violation of her constitutional rights despite having had a realistic

opportunity to do so.

44.     As a result of the aforementioned conduct of the individual defendants, plaintiff

TAWANA BENJAMIN constitutional rights were violated and she was subjected to all of the

constitutional deprivations described herein.

45.     The acts complained of deprived plaintiff TAWANA BENJAMIN of her rights:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     To be free from unlawful search and invasion of privacy;

D.     To be free from excessive force;

E.     To be free from unreasonable seizure of her home;

F.     Not to have summary punishment imposed upon her; and

G.     To receive equal protection under the law.

46.     As a result of the foregoing, plaintiff TAWANA BENJAMIN is entitled to

compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to

punitive damages against the individual defendants in the sum of one million dollars

($1,000,000.00).

## PENDANT STATE AND CITY CLAIMS

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     On or about April 12, 2022 and within ninety (90) days after the claims herein

accrued, plaintiff duly served upon, presented to and filed with THE CITY OF NEW YORK, a

Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e**.**

49.     THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims as aforesaid.

50.     The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on August 31, 2022.

51.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

52.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

53.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>FALSE ARREST</u>

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendant police officers detained, arrested, and held in custody plaintiff TAWANA BENJAMIN in the absence of probable cause and without a warrant.

56.     As a result of the aforesaid conduct by defendants, plaintiff TAWANA BENJAMIN was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined by the defendants.

57.     The aforesaid actions by the defendants constituted a deprivation of plaintiff TAWANA BENJAMIN's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     As a result of the foregoing, plaintiff TAWANA BENJAMIN was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and terrorized.

60.     Plaintiff TAWANA BENJAMIN was conscious of said confinement and did not consent to same.

61.     The confinement of plaintiff TAWANA BENJAMIN was without probable cause and was not otherwise privileged.

62.     As a result of the aforementioned conduct, plaintiff TAWANA BENJAMIN has suffered mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### UNLAWFUL SEARCH AND INVASION OF PRIVACY

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     As a result of the aforesaid conduct by defendants, plaintiff TAWANA BENJAMIN's home and possessions were illegally and improperly searched without any probable cause, privilege, or consent.

65.     As a result of the aforesaid conduct by defendants, defendants remained unlawfully within plaintiff TAWANA BENJAMIN's home without any probable cause, privilege or consent.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

68.     The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

69.     The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

70.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff TAWANA BENJAMIN.

71.     As a result of the aforementioned conduct, plaintiff TAWANA BENJAMIN suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

74.     The aforementioned conduct was negligent and caused severe emotional distress to plaintiff TAWANA BENJAMIN.

75.     The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

76.     The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

77.     As a result of the aforementioned conduct, plaintiff TAWANA BENJAMIN suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of plaintiff TAWANA BENJAMIN.

80.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of plaintiff TAWANA BENJAMIN.

**FIRST CLAIM FOR RELIEF UNDER N.Y.C. LAW**
**DEPRIVATION OF RIGHTS UNDER N.Y.C. ADMIN. CODE § 8-801**

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     The acts of defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

85.     The acts and omissions of defendant officers, as detailed in the foregoing paragraphs, caused plaintiff TAWANA BENJAMIN to be deprived of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

86.     By reason of the acts and omissions of defendant officers, as detailed in the foregoing paragraphs, plaintiff TAWANA BENJAMIN has endured loss of liberty and physical and emotional injuries and was otherwise damaged and injured.

87.     Defendant officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, in that they are employees of the New York City Police Department.

88.     The City of New York, as the employer of the covered individual defendant officers, is liable to plaintiff TAWANA BENJAMIN for the wrongdoing of the covered individual defendant officers.

89.     As a result of the foregoing, plaintiff TAWANA BENJAMIN is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to

punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff TAWANA BENJAMIN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            April 15, 2023

                                        _____/s_____
                                        ROSE M. WEBER (RW 0515)
                                        30 Vesey Street, Suite 1801
                                        New York, NY 10007
                                        (917) 415-5363