# ROSE M. WEBER

ATTORNEY AT LAW

199 MAIN STREET   •   SUITE 801

WHITE PLAINS, NEW YORK 10601

(917) 415-5363

December 21, 2023

**<u>BY ECF</u>**

Honorable Marcia M. Henry

United States Magistrate Judge

225 Cadman Plaza East

Brooklyn, NY 11201

Re:    *Tawana Benjamin v. City of New York, et al.*, 22 CV 2823 (AMD) (MMH)

Your Honor:

Plaintiff in the above-referenced matter served her discovery demands upon defendants on October 28, 2023 (a copy is appended for the Court's convenience), and defendants served their responses on December 8, 2023 (ditto).  Plaintiff sent defendants a list of issues on December 11th, and the parties held two meet-and-confers by telephone (on December 13th and earlier today).  For the most part, defendants agreed to produce the information and documents that plaintiff had demanded but were unable to provide a firm date for the production[1]; in other instances, the parties have substantive disagreements as to what, if anything, defendants must produce.  Accordingly, plaintiff now files this motion to compel.

**Undisputed Items**

Fact discovery in the above-referenced matter closes on February 5, 2024.  As plaintiff intends to take approximately ten depositions, it is imperative that the depositions begin

---

[1] Because Ms. Kim was unable to provide a firm date by which I would have all of the information and materials, she and I had originally agreed that we would jointly seek an extension of discovery. Had we pursued that course, this motion would not have been necessary.  Ms. Kim, however, then changed her mind and insisted that we not put the letter in until sometime in early January.  Given that Your Honor has been very clear that extensions will not be freely given, and must be justified by unanticipated circumstances, I simply could not afford to take that risk.  If we waited until then to request the extension, and the Court then denied the request, my client would have been severely prejudiced.

by mid-January at the latest.  Plaintiff has today served upon defendants the attached Combined Notice of Deposition, scheduling depositions beginning on January 16, 2024.

In order to take the depositions, plaintiff requires all of the information and documents that defendants have agreed to provide.  Accordingly, plaintiff now respectfully requests that the Court order defendants to provide, no later than January 9, 2024, the following:

- The identity of every NYPD officer present at the incident (Interrogatory 1);

- Disciplinary records for each defendant officer (Interrogatory 4, Document Requests 21 and 22), but *see infra* regarding a small dispute;

- The file for plaintiff's complaint made to IAB (Interrogatory 6, Document Requests 6 and 14);

- The identity of the Assistant District Attorney(s) with whom defendant officers discussed Saalik Jackson's apprehension in plaintiff's apartment (Interrogatory 11);

- The Domestic Incident Report that defendant Nieves claimed to have reviewed prior to the incident (Document Request 3);

- A printout from the TLO database that defendant Nieves consulted, allegedly documenting that Saalik Jackson received mail at 502 Marcy Avenue (Document Request 4);

- The City Involved Accident Report prepared by defendant Nieves (Document Request 5);

- The active bench warrant that defendant Hamburger claims to have found for Sandra Benjamin, as well as documentation of defendant's efforts to locate the warrant (Document Request 9); and

- The case file maintained by defendant Nieves concerning efforts to locate and apprehend Saalik Jackson (Document Request 16).

Given that there is no dispute about the above-referenced items, and given that time is of the essence with the discovery cut-off rapidly approaching, plaintiff respectfully requests that defendants be ordered to produce all of the requested information and documents by January 9, 2024.

**Disputed Items**

In regard to disciplinary records (Interrogatory 4, Document Requests 21 and 22), defendants have limited "similar conduct" to false arrest, excessive force, and unlawful search. Plaintiff contends that she is also entitled to allegations of unlawful entry, abuse of authority, and discourtesy (which is often racial in nature).  All of these have a sufficient nexus to the allegations in the instant matter and should be discoverable.

Interrogatory No. 14 asks whether any of the officers present at the incident have appeared "on any District Attorney's Office's internal police credibility list, 'bad cops list,' or

other databases flagging police officers who may have credibility problems as witnesses at trial." One would hope that NYPD notates an officer's personnel file if s/he is listed. If any of the officers have appeared on such a list, then plaintiff is entitled to this information, as credibility or lack thereof is always relevant. If NYPD does not so notate the files, plaintiff is entitled to an affidavit from a person with knowledge within NYPD so stating, given that plaintiff has brought a claim for negligent supervision.

Document Request 12 demands documents concerning any NYPD investigation, conducted during the six-month period preceding the incident, into Saalik Jackson's presence at plaintiff's apartment. Among the many unknowns in this matter is the question of why the officers chose to apprehend Mr. Jackson on this particular day and while he was in plaintiff's home. Plaintiff is entitled to know what went into that decision, as it would go to the defendant officers' state of mind and their willingness to flout the Constitution in order to make the arrest. It might also provide at least some evidence that defendant Hamburger's purported concern for plaintiff's safety was fictitious.

Document Request 19 demands "documents created by Det. David Paray [the lead homicide investigator] concerning the incident and Saalik Jackson's apprehension." Defendants have offered no justification for seeking to withhold such clearly relevant documents.

Document Requests 26 and 27 demand Patrol Guide sections and training materials on certain relevant topics. Given defendants' litany of boilerplate objections, it is difficult to tell on which they are actually relying. Plaintiff is entitled to know the rules and regulations under which defendants were operating and how they were trained, given that failure to follow such rules, regulations, and training can impact qualified immunity, can be evidence for a jury to consider regarding liability, and can also go toward punitive damages against the individuals.

Document Request 28 demands all emails concerning or referencing the incident, as well as all emails that any defendant officer sent or received on the date of the incident. Defendants have agreed to provide the former (subject to privilege, and with a privilege log should emails be withheld), but object to the latter. For the date of the incident, defense counsel should not be the arbiter of which messages concern the incident. For instance, if an officer wrote, "Big day today, didn't let the Fourth Amendment get in the way," defense counsel would not turn that email over given that it does not explicitly mention the incident. Plaintiff therefore requests that the Court conduct an *in camera* review of defendant officers' emails from the date of the incident.

Thank you for your consideration of these requests.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc:    Esther Kim, Esq. (by ECF)