UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

TAWANA BENJAMIN,

                                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                                    Defendants.

------------------------------------------------------------------------- x

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF <u>DOCUMENTS</u>**

23 CV 2823 (AMD)(MMH)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), plaintiff hereby requests that defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Rose M. Weber at 199 Main Street, Suite 801, White Plains, New York 10601, within 30 days after service hereof.

These interrogatories and document requests are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## <u>INSTRUCTIONS</u>

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or

available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2.      If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2.      As used herein, the term "incident" refers to the events described in the complaint.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any and all NYPD officers who were present at and/or participated in the incident or any portion of the incident, and set forth separately their true, full and correct names, shield numbers, commands on the date of the incident, current commands, and supervisors on the date of the incident.

### INTERROGATORY NO. 2:

State whether any of the officers identified in response to Interrogatory No. 1 have ever been defendants in any lawsuit that charged them, individually or in their official capacity as police officers with abuse of their lawful authority, false swearing, false arrest, unlawful entry, and/or unlawful search.

### INTERROGATORY NO. 3:

For every lawsuit identified in response to Interrogatory No. 2, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the

suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

**INTERROGATORY NO. 4:**

If disciplinary proceedings, including but not limited to charges and specifications, have ever been instituted against any officer identified in response to Interrogatory No. 1, identify the names and addresses of the persons who made the allegations, identify all documents related to the allegations and any subsequent disciplinary action, and describe the outcome of the disciplinary proceedings.

**INTERROGATORY NO. 5:**

Identify any of the officers identified in response to Interrogatory No. 1 who were subject to any disciplinary proceedings as a result of their involvement in the incident.

**INTERROGATORY NO. 6:**

State whether any of the officers identified in response to Interrogatory No. 1 were questioned by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency about the incident.

**INTERROGATORY NO. 7:**

If the answer to the preceding Interrogatory is in the affirmative, identify the name, title, and shield number and address of the person(s) making the inquiry; all documents, tape recordings or other recordings of the inquiry; the custodian of these documents, tape recordings or other recordings; a general description of these documents and/or recordings.

**INTERROGATORY NO. 8:**

Identify all persons, including civilian witnesses and other employees of defendant City, who witnessed the incident or any portion of the incident, including but not limited to all persons known to be at, on, or near the 5th floor of 502 Marcy Avenue at or near the time of the incident.

**INTERROGATORY NO. 9:**

Identify any documents concerning, arising out of, or referring to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

**INTERROGATORY NO. 10:**

State whether any of the individual defendants have ever been placed in a monitoring program.

**INTERROGATORY NO. 11:**

Identify any employee(s) at the Brooklyn District Attorney's office who spoke with and/or conducted interviews of the individual defendants and/or any other person regarding the incident.

**INTERROGATORY NO. 12:**

Identify any and all individuals who provided NYPD with information about plaintiff, plaintiff's apartment, or Saalik Jackson's whereabouts, prior to the time of the incident.

**INTERROGATORY NO. 13:**

Identify any NYPD personnel who in any way evaluated, reviewed, critiqued, or commended the involvement of any NYPD officer in this matter.

**INTERROGATORY NO. 14:**

Identify any of the officers identified in response to Interrogatory No. 1 whose names appear on any District Attorney's Office's internal police credibility list, "bad cops list," or other databases flagging police officers who may have credibility problems as witnesses at trial.

**INTERROGATORY NO. 15:**

Identify the individual(s) who made and/or participated in the decision to go to plaintiff's apartment on February 3, 2022.

**INTERROGATORY NO. 16:**

Identify the individual(s) who made and/or participated in the decision to breach plaintiff's apartment door on February 3, 2022.

**INTERROGATORY NO. 17:**

Identify the individual(s) who physically removed plaintiff from her apartment on February 3, 2022.

**INTERROGATORY NO. 18:**

Describe how defendant Hamburger conducted a warrant check for Sandra Benjamin on his cell phone.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents concerning the incident referred to in the complaint including, but not limited to, "Threat, Resistance, or Injury" forms, arrest reports, Domestic Incident Reports, UF-61s, on-line booking sheets, aided cards, aided reports, memobook or DAR entries, log book entries, command log entries, Desk Appearance Ticket Investigation forms, interrupted patrol log entries, property vouchers, property envelope cover sheets, DD-5s, UF-250s, Firearms Discharge

/ Assault Reports, "Verification of Crime" forms, witness statements, unusual occurrence reports, tactical plans, search warrants, supporting documents and affidavits for search warrants, investigations unit warrant notification sheets, return of search warrants, buy reports, medical treatment of prisoner forms, prisoner movement sheets, and ambulance call reports.

**DOCUMENT REQUEST NO. 2:**

All tape logs, transcriptions, and recordings prepared or kept in connection with or concerning the incident, including, but not limited to, 911 tapes, SPRINT printouts and tape recordings or transcripts of any emergency radio transmission ("radio runs").

**DOCUMENT REQUEST NO. 3:**

The Domestic Incident Report that defendant Nieves claimed to have reviewed prior to the incident.

**DOCUMENT REQUEST NO. 4:**

A printout from the TLO database that defendant Nieves consulted, allegedly documenting that Saalik Jackson received mail at 502 Marcy Avenue.

**DOCUMENT REQUEST NO. 5:**

The City Involved Accident Report prepared by defendant Nieves.

**DOCUMENT REQUEST NO. 6:**

All documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 7:**

Transcripts and tape recordings of all hearings, inquiries, interviews, and

interrogations arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 8:**

All photographs (including, but not limited to, Polaroids), videotapes, or other recordings of the incident.

**DOCUMENT REQUEST NO. 9:**

The active bench warrant that defendant Hamburger claims to have found for Sandra Benjamin, as well as any and all documentation of defendant's efforts to locate the warrant.

**DOCUMENT REQUEST NO. 10:**

A listing of all warrant checks run on February 3, 2022.

**DOCUMENT REQUEST NO. 11:**

All statements made by plaintiff to any agent, servant or employee of the City of New York concerning the incident.

**DOCUMENT REQUEST NO. 12:**

Any documents, videotapes, audiotapes, and other recordings arising from and/or documenting any investigation, conducted during the six-month period preceding the incident, into Saalik Jackson's presence at 502 Marcy Avenue or any apartments or businesses therein.

**DOCUMENT REQUEST NO. 13:**

Any and all documents supporting the contention that TARU tracked Saalik Jackson's cell phone to plaintiff's apartment on February 3, 2022.

**DOCUMENT REQUEST NO. 13:**

All documents received by the New York City Law Department pursuant to

subpoena or to plaintiff's authorizations including, but not limited to, plaintiff's rap sheet.

**DOCUMENT REQUEST NO. 14:**

The CCRB and/or IAB files relating to the subject incident.

**DOCUMENT REQUEST NO. 15:**

The Threat Resistance Injury report prepared by defendant Hamburger.

**DOCUMENT REQUEST NO. 16:**

The "case file" maintained by defendant Nieves (as described by defendant Hamburger to CCRB).

**DOCUMENT REQUEST NO. 17:**

The I-card in effect on February 3, 2022 for Saalik Jackson.

**DOCUMENT REQUEST NO. 18:**

Property vouchers for any and all cell phones recovered during the incident.

**DOCUMENT REQUEST NO. 19:**

Any and all documents created by Det. David Paray concerning the incident and Saalik Jackson's apprehension, including but not limited to documents concerning why NYPD went to plaintiff's apartment on February 3, 2022, and what occurred at the location.

**DOCUMENT REQUEST NO. 20:**

The entire file of each individual defendant while he was a candidate at the Police Academy or other training program.

**DOCUMENT REQUEST NO. 21:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to, annual performance evaluations, the Central Personnel Index, G.O.-15 statements, pre-employment investigation information, psychological tests results, early intervention monitoring records, fitness for duty evaluations, use of force records, interviews,

memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of each individual defendant.

**DOCUMENT REQUEST NO. 22:**

The Civilian Complaint Review Board history, Central Personnel Index, IAB jacket, and Round Robin for each of the individual defendants and the file for every complaint in which any individual defendant was a subject officer.

**DOCUMENT REQUEST NO. 23:**

Every complaint of any sort made to the New York City Police Department about any individual defendant.

**DOCUMENT REQUEST NO. 24:**

All documents concerning any suit filed against the individual defendants that charged them individually or in their official capacity as police officers with abuse of their lawful authority, false swearing, false arrest, unlawful entry, and/or unlawful search, including without limitation Notices of Claim, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits.

**DOCUMENT REQUEST NO. 25:**

All documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, and/or warnings and admonishment against the individual defendants.

**DOCUMENT REQUEST NO. 26:**

All documents (including, but not limited to, Patrol Guide sections, directives, rules, regulations, instructional aids, policies, policy statements, program statements and memoranda) in force on February 3, 2022 concerning City and/or NYPD policy, procedure or practice in regard to obtaining and executing search warrants; surveillance of individuals and/or

locations; procedures for locating a suspect; what constitutes "exigent circumstances" to enter a home; proper handling of evidence; safeguarding the property of arrestees; procedures for gaining forced entry to a residence (and in particular NYCHA apartments).

**DOCUMENT REQUEST NO. 27:**

All training materials (including, but not limited to, sections of the *Police Student's Guide*, training manuals, instructions, pamphlets, videotapes, bulletins and memoranda), from the earliest date that any of the individual defendants was hired through the date of the incident, on the topics of obtaining and executing search warrants; surveillance of individuals and/or locations; procedures for locating a suspect; what constitutes "exigent circumstances" to enter a home; proper handling of evidence; safeguarding the property of arrestees; procedures for gaining forced entry to a residence (and in particular NYCHA apartments).

**DOCUMENT REQUEST NO. 28:**

Any and all emails sent from or to each defendant's department-issued email address on the date of the incident, as well as any and all emails concerning or mentioning the incident, regardless of the date(s) of the emails.

Dated:      New York, New York
            October 25, 2023

                                        _____/s_____
                                        ROSE M. WEBER (RW 0515)
                                        199 Main Street, Suite 801
                                        White Plains, NY 10601
                                        (917) 415-5363

TO:    Esther Kim, Esq.
       NYC Law Department
       Attorneys for Defendants
       100 Church Street
       New York, NY 10007

-10-