UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------    x

TAWANA BENJAMIN,

                                               Plaintiff,

                    -against-

THE CITY OF NEW YORK, DET. PEDRO NIEVES,
LT. SCOTT HAMBURGER, DET. MICHAEL WALSH,
LT. PHILIP PICCIANO, DET. ANTHONY GIRETTI,
and P.O.s JOHN and JANE DOE #1-10, individually and
in their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                               Defendants.
----------------------------------------------------------------    x

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

23-CV-2823 (AMD) (MMH)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), defendant City of New York ("City") responds and objects to Plaintiff's October 25, 2023 Interrogatories and Request for Production of Documents as follows:

## GENERAL STATEMENT

1.      By responding to any request, defendant City does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to

that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify any and all NYPD officers who were present at and/or participated in the incident or any portion of the incident, and set forth separately their true, full and correct names, shield numbers, commands on the date of the incident, current commands, and supervisors on the date of the incident.

### **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to Interrogatory No. 1 on the grounds that the term "Incident" defined by plaintiffs as "events described in the complaint" is vague and ambiguous. Defendant further objects to the extent it is vague and ambiguous as to what is meant by "participated in the incident or any portion of the incident," "present at the incident," and "supervisors on the date of the incident." Defendant further objects on the grounds that this interrogatory is overbroad as it seeks the identification of "any and all NYPD officers" and "any portion of the incident." Defendant further objects to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, such as for example names and commands of supervisors not involved in any way with the incident alleged in the complaint, or names of individuals present but having no discoverable information in their possession. Defendant further objects on the grounds that the interrogatory is compound as it seeks the identification of multiple categories in a single request.

2

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the names of members of the New York City Police Department ("NYPD") who observed and/or participated in the alleged incident on February 3, 2022 at 502 Marcy Avenue, Apartment 5D, Brooklyn, New York, defendant identifies the following individuals[1]:

1. Lieutenant Scott Hamburger, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

2. Lieutenant Philip Picciano, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

3. Detective Pedro Nieves, Shield No. 2728,  Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

4. Detective Michael Walsh, Shield No. 4561, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201; and

5. Detective Anthony Giretti, Shield No. 4617, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201.

**INTERROGATORY NO. 2:**

State whether any of the officers identified in response to Interrogatory No. 1 have ever been defendants in any lawsuit that charged them, individually or in their official capacity as police officers with abuse of their lawful authority, false swearing, false arrest, unlawful entry, and/or unlawful search.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to what is meant by "in any lawsuit that charged them," "false swearing," and overbroad as to "any of the officers identified." Defendant further objects to this interrogatory to

---

[1] All communication with any current and/or former New York City employees should be made through counsel.

3

the extent it implicates privacy interests of non-parties, to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiffs' claims or any defenses, and is therefore not proportional to the needs of this case, particularly because it requests information related to unnamed parties and claims dissimilar to those alleged in this action. Defendant further objects because this request seeks information that is equally available to plaintiffs, namely information on public court dockets; and not sufficiently limited in time or scope because it requests lawsuits without any time limitation prior to or after the incident alleged in the complaint.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, and limiting its response federal lawsuits brought in the Eastern and Southern Districts of New York alleging a violation of constitutional rights, upon information and belief, prior lawsuits of the officers identified in Interrogatory No. 1 include:

**Lieutenant Scott Hamburger**:

1. Cramer et al v. The City of New York, et al., 15-cv-04642-AMD-ST, Eastern District.

2. Bailey v. The City of New York, et al., 15-cv-01110-ARR-VMS, Eastern District.

3. Cornand v. The City of New York, et al., 16-cv-05518-FB-CLP, Eastern District.

4. Holley v. The City of New York, et al., 17-cv-00278-RRM-RLM, Eastern District.

**Lieutenant Philip Picciano**:

1. Croonquist et al v. Kelly, et al., 13-cv-01536-JGK, Southern District.

2. Matthews v. City of New York et al., Eastern District.

4

**Detective Pedro Nieves**:

1. <u>Nothing found in Southern or Eastern District.</u>

**Detective Michael Walsh**:

1. <u>Brown v. Walsh et al.</u>, 14-cv-03247-JBW-VMS, Eastern District.

2. <u>Torres et al v. City of New York, et al.</u>, 13-cv-06526-WFK-VMS, Eastern District.

3. <u>Sepulveda v. The City of New York et al.</u>, 13-cv-04320-SJ-RLM, Eastern District.

4. <u>Lancaster v. City of New York et al.</u>, 13-cv-04707-SLT-SMG, Eastern District.

5. <u>Diaz v. City of New York et al.</u>, 13-cv-06377-PKC-VMS, Eastern District.

6. <u>Wheeler v. City of New York et al.</u>, 13-cv-07421-RRM-VMS, Eastern District.

7. <u>Carmona v. City of New York et al.</u>, 13-cv-07285-NGG-MDG, Eastern District.

8. <u>Ramos et al v. City of New York et al.</u>, 14-cv-00561-SJ-VMS, Eastern District.

9. <u>Compere v. City of New York et al.</u>, 14-cv-00560-WFK-VMS, Eastern District.

10. <u>Brown v. City of New York et al.</u>, 14-cv-01350-JG-VMS, Eastern District.

11. <u>Cooper v. City of New York et al.</u>, 14-cv-01761-RML, Eastern District.

12. <u>Glover et al v. City of New York et al.</u>, 14-cv-01636-JG-VMS, Eastern District.

**Detective Anthony Giretti**:

1. <u>Nothing found in Southern or Eastern District.</u>

**<u>INTERROGATORY NO. 3</u>:**

For every lawsuit identified in response to Interrogatory No. 2, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

See Objections and Responses to Interrogatory No. 2. Defendant further objects to Interrogatory No. 3, construed as six separate interrogatories, on the grounds that it is vague and ambiguous as to "the result of each suit," and overbroad as to "every lawsuit identified in response to Interrogatory No. 2." Defendant further objects to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, and is therefore not proportional to the needs of this case, such as names of parties, docket numbers, and results of unrelated lawsuits. Defendant further objects to this this request because it seeks information that is equally available to plaintiff by way of public dockets, and not sufficiently limited in time or scope because it places no time limit on prior to or after the incidents alleged in the complaint. Subject to and without waiving or in any way limiting these objections defendant refers plaintiff to its responses and objections to Interrogatory No. 2 and refers Plaintiff to the lawsuits identified therein for Plaintiff to search for the information requested. Consistent with these objections and responses, defendant will not provide a further response to this request.

**INTERROGATORY NO. 4:**

If disciplinary proceedings, including but not limited to charges and specifications, have ever been instituted against any officer identified in response to Interrogatory No. 1, identify the names and addresses of the persons who made the allegations, identify all documents related to the allegations and any subsequent disciplinary action, and describe the outcome of the disciplinary proceedings.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4, construed as four separate interrogatories, on the grounds that it is vague and ambiguous as to "disciplinary proceedings," and "outcome," and overbroad as to "any officer identified in response to Interrogatory No. 1," and "all documents

6

related to the allegations and subsequent disciplinary action." Defendant further objects to this interrogatory on the grounds that it is not sufficiently limited in time or in scope as no time period for the requested documents is identified nor is a source of the documents or what agency conducted the disciplinary proceeding. Defendant further objects on the grounds that is unduly burdensome and not proportionate to the needs of the case in seeking information regarding disciplinary proceedings of officers, who have not appeared in this action, without limit to allegations similar in nature to those made in the present action, for example, unlawful search, unreasonable seizure, excessive force, and failure to intervene. Defendant further objects to the extent it seeks irrelevant information regarding allegations of misconduct that may not be similar in nature to the allegations made in the amended complaint; it is not sufficiently limited in time as it includes "allegations" made subsequent to the events alleged in this action and "allegations" made an indefinite number of years prior to the filing of the amended complaint, and thus, are too remote to be relevant; it seeks information which is protected from disclosure by the official information, deliberative process, law enforcement, or other applicable privileges, and/or that implicates the privacy and security concerns of parties and non-parties; it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50 and/or 160.55; and the information sought is publicly available.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the CCRB history for the named defendant officers, including Scott Hamburger, Philip Picciano, Pedro Nieves, Michael Walsh, and Anthony Giretti which is publicly available on the following websites https://nypdonline.org/link/2 and https://www1.nyc.gov/site/ccrb/policy/MOS-records.page, defendant refers plaintiff to the following documents:

7

- CCRB Office History of Scott Hamburger, bearing Bates Stamp Nos. DEF476 – DEF478;

- CCRB Office History of Philip Picciano, bearing Bates Stamp Nos. DEF479 - DEF481;

- CCRB Office History of Pedro Nieves, bearing Bates Stamp No. DEF482;

- CCRB Office History of Michael Walsh, bearing Bates Stamp Nos. DEF483 - DEF484; and

- CCRB Office History of Anthony Giretti, bearing Bates Stamp No. DEF485.

Additionally, pursuant to the Protective Order endorsed in the instant action, Defendant will produce portions of the IAB resumes and CPI for defendant officers Scott Hamburger, Philip Picciano, Pedro Nieves, Michael Walsh, and Anthony Giretti, which contain allegations of false statements and those of a similar nature to those alleged in the complaint, namely unlawful search, unreasonable seizure, excessive force, and failure to intervene. At this time, defendant is still awaiting receipt of those documents and will supplement this response within thirty days should such additional information become available.

**INTERROGATORY NO. 5:**

Identify any of the officers identified in response to Interrogatory No. 1 who were subject to any disciplinary proceedings as a result of their involvement in the incident.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects to the extent it is vague and ambiguous as to "subject to," "any disciplinary proceedings," and "their involvement" and overbroad as to "any of the officers identified in response to Interrogatory No. 1," and "any disciplinary proceedings." Defendant further objects because it implicates the privacy interests of officers who have not yet appeared in this action.

8

Defendant further objects on the grounds that it assumes facts not established, namely that such proceedings existed. Defendant further objects to the extent this request seeks information regarding any pending proceedings, which would implicate the deliberative/pre-decisional, official information, and other privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting this response to any completed IAB or CCRB investigation into the incident involving plaintiff, including the alleged unlawful entry of her home on February 3, 2022 involving properly named and served defendants, defendant is aware of a CCRB investigation into the underlying investigation and refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

Defendant is continuing to search for information responsive to this request, as far as whether there was an investigation by the NYPD's IAB and will supplement within thirty days if there is any information responsive to this request.

**INTERROGATORY NO. 6:**

State whether any of the officers identified in response to Interrogatory No. 1 were questioned by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency about the incident.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6, construed as five separate interrogatories, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous

9

as to "questioned," and "any federal, state, or local law enforcement or other agency" and overbroad as to "any of the officers identified in response to Interrogatory No. 1," and "questioned by the NYPD or any officer or employee thereof." Defendant further objects to the extent it implicates the privacy interests of non-parties, and to the extent this request seeks privileged information and implicates the official information, attorney-client privilege, work product privilege, and deliberative/pre-decisional privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting this response to the properly named and served individual defendants including Scott Hamburger, Philip Picciano, Pedro Nieves, Michael Walsh, and Anthony Giretti, and limiting this to investigations into the purported unlawful entry into Plaintiff's home on February 3, 2022, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

Defendant is continuing to search for information responsive to this request, as far as whether there was an investigation by the NYPD's IAB and will supplement within thirty days if there is any information responsive to this request. Defendant is not aware of any questioning by the United States Attorney's Officer or the Brooklyn District Attorney's Office regarding a purported unlawful entry of plaintiff's home on February 3, 2022.

**INTERROGATORY NO. 7:**

If the answer to the preceding Interrogatory is in the affirmative, identify the name, title, and shield number and address of the person(s) making the inquiry; all documents, tape recordings or other recordings of the inquiry; the custodian of these documents, tape recordings or other recordings; a general description of these documents and/or recordings.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7, construed as five separate interrogatories, on the grounds that it is vague and ambiguous as to "the inquiry," "other recordings of the inquiry," and overbroad as to "all documents, tape recordings and other recordings of the inquiry." Defendant also refers plaintiff to, and incorporates, its responses and objections to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Identify all persons, including civilian witnesses and other employees of defendant City, who witnessed the incident or any portion of the incident, including but not limited to all persons known to be at, on, or near the 5th floor of 502 Marcy Avenue at or near the time of the incident.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "other employees of defendant City," "witnessed," and "any portion of the incident" and overbroad as to "all persons," and "who witnessed the incident or any portion of the incident." Defendant further objects to the extent it seeks information not in defendant's possession, custody or control or information that is equally available to plaintiff such as names of civilian witnesses. Defendant further objects to the extent this request implicates the sealing provisions of N.Y. CRIM. PROC. LAW §§ 160.50, 160.55 and/or N.Y. FAM. CT. ACT § 375.1.

Notwithstanding and without waiving or in any way limiting these specific objections, defendant refers plaintiffs to its Initial Disclosures, dated September 10, 2019, for responsive information and identifies:

1. Tawana Benjamin (*Plaintiff*);

2. Saalik Jackson (*upon information and belief, ex-boyfriend of plaintiff Tawana Benjamin*);

3. Sandra Benjamin (*upon information and belief, mother of plaintiff Tawana Benjamin who was not present at the location at the time of the incident, but who spoke with Lt. Hamburger immediately prior regarding the whereabouts of NAME*);

4. Zimiya Jackson (*upon information and belief, daughter of plaintiff Tawana Benjamin and Saalik Jackson*);

5. Lieutenant Scott Hamburger, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201 (*as to some of the alleged incident, upon information and belief, he entered plaintiff Walls' apartment on or about February 3, 2022)*;

6. Lieutenant Philip Picciano, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201 (*as to some of the alleged incident, upon information and belief, he entered plaintiff Walls' apartment on or about February 3, 2022)*;

7. Detective Pedro Nieves, Shield No. 2728, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201 (*as to some of the alleged incident, upon information and belief, he entered plaintiff Walls' apartment on or about February 3, 2022)*;

8. Detective Michael Walsh, Shield No. 4561, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201 (*as to some of the alleged incident, upon information and belief, he entered plaintiff Walls' apartment on or about February 3, 2022)*; and

9. Detective Anthony Giretti, Shield No. 4617, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201 (*as to some of the alleged incident, upon information and belief, he entered plaintiff Walls' apartment on or about February 3, 2022)*.

Upon information and belief, at this time defendant is not aware of any other individuals present at the time of the alleged entry on February 3, 2022.

**INTERROGATORY NO. 9:**

Identify any documents concerning, arising out of, or referring to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

12

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 10, construed as four separate interrogatories, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "concerning," "arising out of," and "referring to the incident," and is overbroad as to "any documents concerning, arising out of, or referring to the incident." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it seeks information on "any documents concerning, arising out of, or referring to the incident" with no time limit and encompasses documents which have no relevance to the underlying claims or defenses in this case, and is therefore unduly burdensome and not proportional to the needs of the case. Defendant further objects because this request exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1). Defendant further objects to the extent this request seeks information that is public or equally available to plaintiff and to the extent it seeks information that is not in the possession, custody or control of defendant because it is not limited to documents created by or in possession of the City of New York or its employees; to the extent this request implicates attorney-client work product, or other applicable privileges; and to the extent it implicates privacy interests of the individuals concerned, including parties and non-parties, and to the extent it implicates the sealing provisions of N.Y. CRIM. PROC. LAW §§ 160.50, 160.55 and/or N.Y. FAM. CT. ACT § 375.1.

Notwithstanding and without waiving or in any way limiting these specific objections, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

Defendant also refers plaintiff to the following documents:

- Threat Resistance or Injury Incident Worksheet, bearing Bates Stamp Nos. DEF486 - DEF487;

- Arrest Report dated February 3, 2022, bearing Bates Stamp Nos. DEF488 - DEF490; and

- I-CARD Profile of Saalik Jackson, bearing Bates Stamp Nos. DEF491 – DEF495;

- Audio File of CCRB Interview of Plaintiff, bearing Bates Stamp No. DEF496; and

- Audio File of CCRB Interview of Scott Hamburger, Philip Picciano, Pedro Nieves, Michael Walsh, and Anthony Giretti, bearing Bates Stamp No. DEF497.

**INTERROGATORY NO. 10:**

State whether any of the individual defendants have ever been placed in a monitoring program.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to "placed in," and "monitoring program" and overbroad as to "ever been placed in." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it seeks information with no specific timeline and fails to identify the type of monitoring program and the agency and/or entity who purported placed the officer in such a purported program. Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1). Defendant further objects to the extent the "monitoring program" is related to allegations of misconduct that may not be similar in nature to the allegations made in the amended complaint, and did not result in a finding of misconduct and is therefore not relevant. Defendant further objects to the extent this request implicates the privacy concerns of parties and individuals who have not appeared in this action; and to the extent

14

it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional, and/or other applicable privileges. Defendant further objects insofar as the requested documents are protected from disclosure by New York Civil Rights Law § 50-a because this request seeks personnel records used to evaluate performance of continued employment or promotion.  Defendant further states that unrelated actions, premised on different sets of factual allegations cannot support an inference of unconstitutional customs or policies, and thus cannot support a claim against the City, *see*, *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012), and is therefore not relevant to even a municipal liability claim.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to monitoring programs for misconduct within the NYPD, defendant states that it is continuing to search for responsive information and will supplement this response within thirty days if appropriate.

**INTERROGATORY NO. 11:**

Identify any employee(s) at the Brooklyn District Attorney's office who spoke with and/or conducted interviews of the individual defendants and/or any other person regarding the incident.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "conducted interviews," and "regarding the incident," and overbroad as to "any employee(s) at the Brooklyn District Attorney's office" and "any other person regarding the incident." Defendant further objects on the grounds

15

that it assumes facts not established namely that any individual defendants spoke with the D.A.'s office; and seeks information that is not in defendant's possession, custody, or control, namely whether the District Attorney's office spoke with non-City employees. Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1); and to the extent that implicates the sealing provisions of N.Y. C.P.L § 160.50, 160.55, and/or F.C.A. § 375.1, to the extent the information sought is protected by attorney work product, or other applicable privileges, and to the extent it implicates the privacy and security interests of parties and non-parties as it seeks information regarding non-party witnesses and any other arrestees. Notwithstanding and without waiving or in any way limiting these specific objections to the entry into apartment 502 Marcy Avenue, Apartment 5D, Brooklyn, New York on February 3, 2023, defendant states that it is continuing to search for responsive information and will supplement this response within thirty days if appropriate.

**INTERROGATORY NO. 12:**

Identify any and all individuals who provided NYPD with information about plaintiff, plaintiff's apartment, or Saalik Jackson's whereabouts, prior to the time of the incident.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "information about plaintiff, plaintiff's apartment, or Saalik Jackson's whereabouts" "prior to the time of the incident" as such an unlimited request for information is not relevant to the underlying claims and/or defenses at issue in this case. Defendant further objects because the interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1). Defendant further objects because this interrogatory is not sufficiently limited in time and scope because it places no limitation on the

16

time period prior to the incident or about the type of information provided, and is therefore also no proportional to the needs of the case; and to the extent that it seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses. Defendant further objects to the extent it implicates privacy interests of the individuals concerned, including parties and non-parties, and implicates security interests of non-parties. Defendant further objects to the extent this interrogatory implicates law enforcement, official information, or other applicable privileges; and to the extent it implicates the sealing provisions of N.Y. CRIM. PROC. LAW §§ 160.50, 160.55 and/or N.Y. FAM. CT. ACT § 375.1. Notwithstanding and without waiving or in any way limiting these specific objections, and limiting this response to attempting to locate Saalik Jackson on February 3, 2022 for his involvement in a homicide incident from 2021, defendant identifies the following individuals as those who provided the Police information to attempt to locate Saalik Jackson:

1.  Sandra Benjamin (*upon information and belief, provided information regarding plaintiff and the apartment*); and

2.  Zimiya Jackson (*upon information and belief, provided information regarding plaintiff, the apartment, and Saalik Jackson's connection to the apartment*).

**INTERROGATORY NO. 13:**

Identify any NYPD personnel who in any way evaluated, reviewed, critiqued, or commended the involvement of any NYPD officer in this matter.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13, on the grounds that it is vague and ambiguous as to "commended," "involvement of any NYPD officer," and "this matter." Defendant further objects to this interrogatory on the grounds that a request for the identify of anyone who "evaluated, reviewed, critiqued, or commended" an officer for their involvement in this matter is overbroad and not sufficiently limited in scope. Defendant further objects on the

17

grounds that it is not sufficiently limited in time and scope as it seeks information with no specific dates or time period indicated. Defendant further objects to the extent that this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1); seeks information that is more appropriately obtained through alternate means, namely deposition; and to the extent that it seeks information that is not relevant to any of the claims or defenses at issue in this case. Defendant further objects on the grounds that it assumes facts not established, and to the extent it implicates the safety, security, and privacy concerns of individuals involved. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional, and/or other applicable privileges. Defendant further objects insofar as the requested documents are protected from disclosure by New York Civil Rights Law § 50-a because this request seeks personnel records used to evaluate performance of continued employment or promotion.  Defendant further states that unrelated actions, premised on different sets of factual allegations cannot support an inference of unconstitutional customs or policies, and thus cannot support a claim against the City, *see*, *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012), and is therefore not relevant to even a municipal liability claim.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting this response to any formal CCRB or NYPD investigation regarding the appropriateness of the entry into the apartment described in plaintiffs' amended complaint, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

**INTERROGATORY NO. 14:**

Identify any of the officers identified in response to Interrogatory No. 1 whose names appear on any District Attorney's Office's internal police credibility list, "bad cops list," or other databases flagging police officers who may have credibility problems as witnesses at trial.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to Interrogatory No. 14, on the grounds that it is vague and ambiguous as to "internal police credibility list," "'bad cops list," "other databases," "flagging police officers," and "credibility problems," and overbroad as to "any of the officers identified in response to Interrogatory No. 1," and "any District Attorney's Office's." Defendant further objects on the grounds that it is not sufficiently limited in time because no time period is specified; to the extent it seeks information that is equally available to plaintiff and/or is not in the possession, custody, and control of defendant because it seeks information on any District Attorney's Office list; is unduly burdensome; is not proportionate to the needs of the case. Defendant further objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1). Defendant further objects to the extent that this interrogatory seeks information that is not relevant to any of the claims or defenses at issue in this case; and to the extent it implicates the safety, security, and privacy concerns of the individuals involved; and to the extent this request seeks privileged information. Consistent with these objections defendant will not further respond to this Interrogatory.

**INTERROGATORY NO. 15:**

Identify the individual(s) who made and/or participated in the decision to go to plaintiff's apartment on February 3, 2022.

19

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to Interrogatory No. 15, on the grounds that it is vague and ambiguous as to "participated in," "to go to plaintiff's apartment." Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1); and seeks information that is more appropriately obtained through alternate means, namely deposition. Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the entry into apartment 502 Marcy Avenue, Apartment 5D, Brooklyn, New York on February 3, 2022 as identified in plaintiff' amended complaint, defendant identifies the following individuals:

1. Lieutenant Scott Hamburger, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

2. Lieutenant Philip Picciano, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

3. Detective Pedro Nieves, Shield No. 2728, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201;

4. Detective Michael Walsh, Shield No. 4561, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201; and

5. Detective Anthony Giretti, Shield No. 4617, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201.

**INTERROGATORY NO. 16:**

Identify the individual(s) who made and/or participated in the decision to breach plaintiff's apartment door on February 3, 2022.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to Interrogatory No. 16, on the grounds that it is vague and ambiguous as to "participated in," "breach plaintiff's apartment door." Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P.

20

33(a)(1); and seeks information that is more appropriately obtained through alternate means, namely deposition. Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the entry into apartment 502 Marcy Avenue, Apartment 5D, Brooklyn, New York on February 3, 2022 as identified in plaintiff's amended complaint, defendant identifies the following individuals:

1. Lieutenant Scott Hamburger, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201; and

2. Detective Anthony Giretti, Shield No. 4617, Brooklyn North Warrant Squad, 300 Gold Street, Brooklyn NY 11201.

**INTERROGATORY NO. 17:**

Identify the individual(s) who physically removed plaintiff from her apartment on February 3, 2022.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to Interrogatory No. 17, on the grounds that it is vague and ambiguous as to "physically removed." Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1); and seeks information that is more appropriately obtained through alternate means, namely deposition. Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the NYPD officers who removed plaintiff from 502 Marcy Avenue, Apartment 5D, Brooklyn, New York on February 3, 2022 as identified in plaintiff' amended complaint, defendant will continue to search for information responsive to this request and will supplement within thirty days should such additional information become available.

**INTERROGATORY NO. 18:**

Describe how defendant Hamburger conducted a warrant check for Sandra Benjamin on his cell phone.

21

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to Interrogatory No. 18, on the grounds that it is vague and ambiguous as to "conducted," and "warrant check" without identifying what warrant or on what date it was conducted. Defendant further objects because this interrogatory exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1); and seeks information that is more appropriately obtained through alternate means, namely deposition. Consistent with these objections defendant will not further respond to this Interrogatory.

**REQUESTS FOR DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

All documents concerning the incident referred to in the complaint including, but not limited to, "Threat, Resistance, or Injury" forms, arrest reports, Domestic Incident Reports, UF-61s, on-line booking sheets, aided cards, aided reports, memobook or DAR entries, log book entries, command log entries, Desk Appearance Ticket Investigation forms, interrupted patrol log entries, property vouchers, property envelope cover sheets, DD-5s, UF-250s, Firearms Discharge / Assault Reports, "Verification of Crime" forms, witness statements, unusual occurrence reports, tactical plans, search warrants, supporting documents and affidavits for search warrants, investigations unit warrant notification sheets, return of search warrants, buy reports, medical treatment of prisoner forms, prisoner movement sheets, and ambulance call reports.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to Document Request No. 1, on the grounds that the terms "concerning" and "incident referred to in the complaint" are vague and ambiguous. Defendant further objects in that it is overbroad as to "all documents," "concerning the incident referred to in the complaint." Defendant further objects on the grounds that it assumes facts not established, namely the existence of various documents; is not sufficiently limited in time and scope as it is

22

requesting documents without indicating a specific time period; is unduly burdensome because it seeks "all documents" without limitation and is thus also not proportionate to the needs of the case; to the extent it seeks documents that are not relevant as plaintiff was not arrested, not taken to a police precinct on the incident date, and not removed from her apartment to a hospital by the police. Defendant further objects to the extent this request calls for documents which may be implicated by sealing provisions of NY CPL §§ 160.50 and/or 160.55. Defendant further objects to the extent that the document demand implicates the provisions of HIPAA.

Notwithstanding and without waiving or in any way limiting these objections, and limiting their responses to documents that are directly relevant to the claims at issue, whether the entry to plaintiff's apartment on February 3, 2022 was lawful, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

Defendant will supplement its response within thirty days should additional information become available.

**DOCUMENT REQUEST NO. 2:**

All tape logs, transcriptions, and recordings prepared or kept in connection with or concerning the incident, including, but not limited to, 911 tapes, SPRINT printouts and tape recordings or transcripts of any emergency radio transmission ("radio runs").

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to Document Request No. 2, on the grounds that the term "Incident" defined by plaintiffs as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "tape logs," "transcripts," "recordings prepared or kept in connection with or concerning the incident," and overbroad as to "[a]ll tape logs, transcripts, and recordings prepared or kept in connection with or

23

concerning the incident." Defendant further objects on the grounds that it is not sufficiently limited in time as it is seeking documents without indicating a specific date or time period; assumes facts not established namely that such documents exist; and calls for documents which may have been destroyed pursuant to retention policy. Defendant further objects to the extent that it seeks information which is not relevant or which is not within defendant's possession, custody or control, such as for example, recordings made by non-City employees. Defendant further objects to the extent this request calls for documents which may be sealed pursuant to NY CPL §§ 160.50 and/or 160.55. Notwithstanding and without waiving or in any way limiting these objections, and limiting this response to production of 911 calls and/or SPRINT printouts that were from the incident date and relate to the officers entry of plaintiff's apartment that day, defendant states that it is not currently in possession of any such recordings, and states that it continues to search for documents responsive to this request and will supplement within thirty days should such documents become available.

**DOCUMENT REQUEST NO. 3:**

The Domestic Incident Report that defendant Nieves claimed to have reviewed prior to the incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to Document Request No. 3, on the grounds that it is vague and ambiguous as to "Domestic Incident Report" without identifying what domestic incident report, who made it or what it involved, or on what date it was reviewed. Defendant further objects on the grounds that it is not sufficiently limited in time as it is seeking documents without indicating a specific date or time period. Defendant further objects to the extent that it seeks information which is not relevant or which is not within defendant's possession, custody or control, such as for example, recordings made by non-City employees. Defendant further objects to the extent this

24

request calls for documents which may be sealed pursuant to NY CPL §§ 160.50 and/or 160.55. Notwithstanding and without waiving or in any way limiting these objections, defendant states that it continues to search for documents potentially responsive to this request and will supplement this response if any such responsive document exists.

**DOCUMENT REQUEST NO. 4:**

A printout from the TLO database that defendant Nieves consulted, allegedly documenting that Saalik Jackson received mail at 502 Marcy Avenue.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

See Objections and Response to Document Request No. 3. Defendant further objects to Document Request No. 4 on the grounds that it is vague and ambiguous as to "printout from the TLO database," "consulted," and "documenting that Saalik Jackson received mail" without identifying what printout or on what date it was consulted, and on the grounds that it is overbroad and not sufficiently limited in scope. Notwithstanding and without waiving or in any way limiting these objections, defendant states that it continues to search for documents responsive to this request and will supplement within thirty days should such documents become available.

**DOCUMENT REQUEST NO. 5:**

The City Involved Accident Report prepared by defendant Nieves.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

See Objections and Response to Document Request No. 3. Defendant further objects to Document Request No. 5 on the grounds that it is vague and ambiguous as to "City Involved Accident Report," and "prepared" without identifying what report or on what date it was prepared, and on the grounds that it is overbroad and not sufficiently limited in scope. Notwithstanding and without waiving or in any way limiting these objections, defendant states that

it continues to search for documents responsive to this request and will supplement within thirty days should such documents become available.

**DOCUMENT REQUEST NO. 6:**

All documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to Document Request No. 6 on the grounds that the term "Incident" defined by plaintiffs as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "interviews," "investigative reports," "findings," "adjudications," "concerning or arising from and investigation of the incident," and overbroad as to "all documents… concerning or arising from any investigation" and "any federal, state, or local law enforcement or other agency." Defendant further objects on the grounds that it is not sufficiently limited in time as it is seeking documents without indicating a specific date or timeline; is unduly burdensome on defendant City to obtain documents related to investigations by non-City entities; assumes facts not established namely that the various entities listed conducted investigations; to the extent it seeks documents that are not in defendant's custody, possession, or control such as documents related to investigations conducted by non-City entities; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of each individual defendant and non-parties and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y.

26

FAM. CT. ACT § 375.1. Defendant further objects to the extent this request seeks privileged information and implicates the official information, attorney-client privilege, work product privilege, and deliberative/pre-decisional privileges. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

**DOCUMENT REQUEST NO. 7:**

Transcripts and tape recordings of all hearings, inquiries, interviews, and interrogations arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the Internal Affairs Bureau, the Brooklyn District Attorney's Office, the United States Attorney's Office for the Eastern District, and/or any federal, state, or local law enforcement or other agency.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

See Objections and Response to Document Request No. 6. Defendant further objects on the grounds that it is vague and ambiguous as to "interrogations" and on the grounds that it is overbroad and not sufficiently limited in scope. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents:

- Audio File of CCRB Interview of Plaintiff, bearing Bates Stamp No. DEF496; and

- Audio File of CCRB Interview of Scott Hamburger, Philip Picciano, Pedro Nieves, Michael Walsh, and Anthony Giretti, bearing Bates Stamp No. DEF497.

**DOCUMENT REQUEST NO. 8:**

All photographs (including, but not limited to, Polaroids), videotapes, or other recordings of the incident.

27

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to Document Request No. 8 on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "other recordings" and "made in connection with the incident" and overbroad as to "[a]ll photographs (including, but not limited to, Polaroids), videotapes, or other recordings." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is seeking documents without indicating a specific date or timeline; assumes facts not established namely that such documents exist; to the extent it seeks documents that are not in defendant's custody, possession, or control namely any recordings made by non-City employees; to the extent it seeks documents equally available to plaintiff or in plaintiff's possession, custody or control; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

**DOCUMENT REQUEST NO. 9:**

The active bench warrant that defendant Hamburger claims to have found for Sandra Benjamin, as well as any and all documentation of defendant's efforts to locate the warrant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to Document Request No. 9 on the grounds that it is vague and ambiguous as to "active bench warrant" and overbroad as to "any and all documentation." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is seeking documents without indicating a specific date or timeline; assumes facts not established namely that warrant(s) existed; to the extent it seeks documents that are not in defendant's custody,

28

possession, or control namely any recordings made by non-City employees; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of non-parties and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55. Notwithstanding and without waiving or in any way limiting these objections, defendant states that it continues to search for documents responsive to this request and will supplement within thirty days.

**DOCUMENT REQUEST NO. 10:**

A listing of all warrant checks run on February 3, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to Document Request No. 10 on the grounds that it is vague and ambiguous as to "listing," and "checks," and overbroad as to "all." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is seeking documents without indicating a specific timeline; assumes facts not established namely that warrant(s) existed; to the extent it seeks documents that are not in defendant's custody, possession, or control namely any recordings made by non-City employees; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of non-parties and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55. Defendant further objects to the extent this request seeks privileged information and implicates the official information privilege. Notwithstanding and without waiving or in any way limiting these objections, and limiting this response to a warrant check done by the NYPD officers present at Plaintiff's apartment on the incident, for Plaintiff, defendant states that it continues to search for documents responsive to this request and will supplement within thirty days.

**DOCUMENT REQUEST NO. 11:**

All statements made by plaintiff to any agent, servant or employee of the City of New York concerning the incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to Document Request No. 11, on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous "statements," and "concerning the incident" and overbroad as to "all statements" and "any agent, servant or employee of the City of New York." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is seeking documents without indicating a specific date or timeline; assumes facts not established namely that any statements were made and/or recorded; to the extent it seeks documents in plaintiff's possession custody, or control; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following document:

- Audio File of CCRB Interview of Plaintiff, bearing Bates Stamp No. DEF496.

**DOCUMENT REQUEST NO. 12:**

Any documents, videotapes, audiotapes, and other recordings arising from and/or documenting any investigation, conducted during the six-month period preceding the incident, into Saalik Jackson's presence at 502 Marcy Avenue or any apartments or businesses therein.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to Document Request No. 11 on the grounds that the term "Incident" defined by plaintiffs as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "other recordings,"

"arising from and/or documenting any investigation," and "Saalik Jackson's presence," and overbroad as to "a six month period," and "any apartments or businesses therein." Defendant further objects on the grounds that it assumes facts not established namely that any such investigation took place. Defendant further objects because this request seeks information that is not sufficiently limited in time and scope and is irrelevant to any claims or defenses in this matter as plaintiff has indicated in the complaint that she is only bringing claims related to an incident that occurred on February 3, 2022, and the request is also unduly burdensome and not proportionate to the needs of the case. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of any non-parties; and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional, or other applicable privileges. Consistent with these objections defendant will not further respond to this Document Request.

**DOCUMENT REQUEST NO. 13:**

Any and all documents supporting the contention that TARU tracked Saalik Jackson's cell phone to plaintiff's apartment on February 3, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to Document Request No. 13 on the grounds that it is vague and ambiguous as to "supporting the contention," "tracked" and "plaintiff's apartment," and overbroad as to "any and all documents." Defendant further objects on the grounds that it assumes facts not established namely the existence of any such documents. Defendant further objects because this request seeks information that is not sufficiently limited in time and scope and is irrelevant to any claims or defenses in this matter. Defendant further objects to the extent it implicates the safety,

31

security, and privacy concerns of any non-parties; and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional, or other applicable privileges. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

**DOCUMENT REQUEST NO. 13[2]:**

All documents received by the New York City Law Department pursuant to subpoena or to plaintiff's authorizations including, but not limited to, plaintiff's rap sheet.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to Document Request No. 13 on the grounds that it is vague and ambiguous as to "pursuant to subpoena," and "plaintiff's authorizations." Notwithstanding and without waiving or in any way limiting these objections, defendant states because Plaintiff was not arrested as a result of this incident, a CPL §160.50 release for plaintiff would not produce any responsive documents.  Further, Plaintiff did not provide any other authorizations to the Law Department as part of this litigation so there are no documents responsive to the request for documents received in response to authorizations.  Finally, to date, Defendant has not issued any subpoenas and therefore there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 14:**

The CCRB and/or IAB files relating to the subject incident.

---

[2] In plaintiff's document requests, there are two "Document Request No. 13" requests listed.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to Document Request No. 14 on the grounds that it is cumulative and that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF001 – DEF475.

**DOCUMENT REQUEST NO. 15:**

The Threat Resistance Injury report prepared by defendant Hamburger.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to Document Request No. 15, on the grounds that that the request it is not sufficiently limited in time and scope as it is requesting documents without indicating a specific date or time period for the "Threat Resistant Injury report". Notwithstanding and without waiving or in any way limiting these objections, and limiting this response to the Threat Resistance or Injury Incident Worksheet that Lt. Hamburger prepared on February 3, 2022 as it related to Saalik Jackson, defendant refers plaintiff to the following document which is annexed hereto:

- Threat Resistance or Injury Incident Worksheet, bearing Bates Stamp Nos. DEF486 - DEF487.

**DOCUMENT REQUEST NO. 16:**

The "case file" maintained by defendant Nieves (as described by defendant Hamburger to CCRB).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to Document Request No. 16 on the grounds that it is vague and ambiguous as to "case file" and "maintained." Defendant further objects on the grounds that it is

33

not sufficiently limited in time and scope as it is seeking documents without indicating a specific date or timeline or bates number within the several hundred page CCRB case file which was produced to which Plaintiff is referencing; assumes facts not established namely that such documents existed; to the extent it seeks documents that are not in defendant's custody, possession, or control namely any recordings made by non-City employees; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of non-parties and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55. Defendant further objects to the extent this request seeks privileged information and implicates the official information privilege. Notwithstanding and without waiving or in any way limiting these objections, defendant will not respond to this request until such time that Plaintiff specifically identifies the page number (or Bates number) within the CCRB file where this reference is made so that it is clear what information plaintiff seeks.

**DOCUMENT REQUEST NO. 17:**

The I-card in effect on February 3, 2022 for Saalik Jackson.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to Document Request No. 17, on the grounds that the terms "in effect." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is requesting documents without indicating a specific time period. Notwithstanding and without waiving or in any way limiting these objections, defendant refers plaintiff to the following documents:

- I-CARD Profile of Saalik Jackson, bearing Bates Stamp Nos. DEF491 – DEF495.

**DOCUMENT REQUEST NO. 18:**

Property vouchers for any and all cell phones recovered during the incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to Document Request No. 18 on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "cell phones," and overbroad as to "any and all." Notwithstanding and without waiving or in any way limiting these objections, and limiting this response to NYPD vouchers for cell phones that were recovered as a result of the NYPD's entry to plaintiff's apartment on February 3, 2022, defendant refers plaintiff to the following documents which were produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF112 – DEF113.

**DOCUMENT REQUEST NO. 19:**

Any and all documents created by Det. David Paray concerning the incident and Saalik Jackson's apprehension, including but not limited to documents concerning why NYPD went to plaintiff's apartment on February 3, 2022, and what occurred at the location.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to Document Request No. 19 on the grounds that it is cumulative and the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "created by," "apprehension," "plaintiff's apartment," and "what occurred at the location," and overbroad as to "any and all documents." Defendant further objects on the grounds that it is not sufficiently limited in time and scope as it is seeking documents without indicating a specific timeline; assumes facts not established namely that such documents exist; to the extent it seeks documents that are not in defendant's custody, possession, or control namely any recordings made by non-City

35

employees; and to the extent it seeks documents that are not relevant to any of the claims or defenses in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of non-parties and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55. Defendant further objects to the extent this request seeks privileged information and implicates the official information privilege. Notwithstanding and without waiving or in any way limiting these objections, and limiting this response to non-privileged NYPD arrest documents and memobook entries for Officer Paray pertaining to Jackson's February 3, 2023 arrest, defendant refers plaintiff to the following documents produced with its August 28, 2023 Initial Disclosures:

- Civilian Complaint Review Board file, bearing Bates Nos. DEF039 – DEF042, and DEF112 – DEF113.

Defendant further refers plaintiff to the following documents:

- Arrest Report dated February 3, 2022, bearing Bates Stamp Nos. DEF488 - DEF490; and

Defendant will supplement its response within thirty days should additional information become available.

**DOCUMENT REQUEST NO. 20:**

The entire file of each individual defendant while he was a candidate at the Police Academy or other training program.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to Document Request No. 20 on the grounds that it is vague, ambiguous, and overbroad as to "entire file," and "other training program." Defendant further objects on the grounds that it is not sufficiently limited in time and scope seeking irrelevant information and is therefore not proportionate to the needs of the case. Defendant further objects and to the extent it implicates the safety, security, and privacy concerns of each individual

36

defendant; and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the official information privilege.  Defendant further objects to this request on the grounds that it seeks information that is not relevant to any claim or defense in this case as the entirety of their NYPD file for when they were a police candidate is not relevant to determining whether there the plaintiff's apartment was unlawfully entered on February 3, 2022.  Moreover, the request for this information is an invasion of the officers' privacy rights and is harassing.  Defendant also objects to this request to the extent it demands files for "other training programs" as those purported other programs are not identified and are irrelevant to the claims at issue in this case.  Defendant will not provide any further response to this request unless plaintiff can demonstrate how any such NYPD file, or portions therein, are relevant to resolving the claims in this case.

**DOCUMENT REQUEST NO. 21:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to, annual performance evaluations, the Central Personnel Index, G.O.-15 statements, pre-employment investigation information, psychological tests results, early intervention monitoring records, fitness for duty evaluations, use of force records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of each individual defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to Document Request No. 21 on the grounds that it is vague, ambiguous and overbroad as to "disciplinary," "employment and personnel files," "including but not limited to," and "other documents contained in or made a part of the personnel records or other files." Defendant further objects on the grounds that it is unduly burdensome in seeking a wide

variety of documents without time limitation and is therefore not proportionate to the needs of the case; to the extent it seeks allegations of misconduct that may not be similar in nature to the allegations made in the complaint or which relate to veracity, and did not result in a finding of misconduct; it is not sufficiently limited in time as it includes "allegations" made subsequent to the events alleged in this action and "allegations" made an indefinite number of years prior to the filing of the complaint, and thus, are too remote to be relevant; to the extent it is being interposed for an improper purpose such as to harass or annoy. Defendant further objects to the extent it seeks information that is irrelevant to any claims or defenses in this matter such as psychological test results, and pre-employment investigations. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of each individual defendant or other non-parties involved and to the extent it seeks information protected from disclosure by N.Y. CRIM. PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional privileges, and/or other applicable privileges.

Defendant further states that unrelated actions, premised on different sets of factual allegations cannot support an inference of unconstitutional customs or policies, and thus cannot support a claim against the City, *see*, *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012), and is therefore not relevant to even a municipal liability claim.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting its response to the complaints including allegations that are of a similar nature to those alleged in the complaint, namely unlawful search, unreasonable seizure, excessive force, and failure to intervene or which involve claims of truthfulness or which are otherwise

publicly available on the following websites: INSERT, against any individually named and properly served defendants, defendant refers plaintiff to the following documents:

- CCRB Office History of Scott Hamburger, bearing Bates Stamp Nos. DEF476 – DEF478;

- CCRB Office History of Philip Picciano, bearing Bates Stamp Nos. DEF479 - DEF481;

- CCRB Office History of Pedro Nieves, bearing Bates Stamp No. DEF482;

- CCRB Office History of Michael Walsh, bearing Bates Stamp Nos. DEF483 - DEF484; and

- CCRB Office History of Anthony Giretti, bearing Bates Stamp No. DEF485.

Defendant will further supplement its response to this request with the IAB and CPI for each officer with the same limitations within 30 days of when they are obtained.

**DOCUMENT REQUEST NO. 22:**

The Civilian Complaint Review Board history, Central Personnel Index, IAB jacket, and Round Robin for each of the individual defendants and the file for every complaint in which any individual defendant was a subject officer.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant refers plaintiff to its Objections and Response to Document Request No. 21.

**DOCUMENT REQUEST NO. 23:**

Every complaint of any sort made to the New York City Police Department about any individual defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to Document Request No. 23 on the grounds that it is duplicative of Document Request Nos. 21 and 22. Defendant further objects on the grounds that it is vague,

ambiguous, and overbroad, as to "[e]very complaint of any sort," Defendant further objects on the grounds that it is unduly burdensome because it could include verbal complaints that were not formally investigated and makes no limitation as to the time period or subject matter and therefore is not proportionate to the needs of the case.

**DOCUMENT REQUEST NO. 24:**

All documents concerning any suit filed against the individual defendants that charged them individually or in their official capacity as police officers with abuse of their lawful authority, false swearing, false arrest, unlawful entry, and/or unlawful search, including without limitation Notices of Claim, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to Document Request No. 24 in that it is vague and ambiguous as to "concerning," and overbroad as to "all documents concerning any suit filed against the individual defendant." Defendant further objects on the grounds that it is not sufficiently limited in time and scope because it sets no limit on time period or subject matter and is therefore unduly burdensome and not proportionate to the needs of the case. Defendant further objects to the extent it seeks allegations of misconduct that may not be similar in nature to the allegations made in the complaint. Defendant further objects to the extent these documents are public and equally available to plaintiff or not in the possession, custody, or control of defendant. Defendant further objects to the extent it is being interposed for an improper purpose such as to harass or annoy. Defendant further objects to the extent it seeks information that is irrelevant to any claims or defenses in this matter particularly because lawsuits concerning other incidents, and their outcomes, have no bearing on plaintiff's claims in this matter. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of each individual defendant or other non-parties involved.

40

Defendant further objects to the extent this request seeks privileged information and implicates the attorney-client privilege, work product privilege, and deliberative/pre-decisional privileges. Notwithstanding and without waiving these specific objections, and limiting this response to information about federal lawsuits alleging a violation of constitutional rights, defendant refers plaintiff to Objections and Response to Interrogatory No. 2.

**DOCUMENT REQUEST NO. 25:**

All documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, and/or warnings and admonishment against the individual defendants.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to Document Request No. 25 on the grounds that it is duplicative of Document Request Nos. 22 and 23. Defendant further objects on the grounds that it is vague, ambiguous as to "concerning internal police disciplinary action." Defendant further refers plaintiffs to its objections and responses to Document Request Nos. 22 and 23.

**DOCUMENT REQUEST NO. 26:**

All documents (including, but not limited to, Patrol Guide sections, directives, rules, regulations, instructional aids, policies, policy statements, program statements and memoranda) in force on February 3, 2022 concerning City and/or NYPD policy, procedure or practice in regard to obtaining and executing search warrants; surveillance of individuals and/or locations; procedures for locating a suspect; what constitutes "exigent circumstances" to enter a home; proper handling of evidence; safeguarding the property of arrestees; procedures for gaining forced entry to a residence (and in particular NYCHA apartments).

41

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to Document Request No. 24 on the grounds that it is vague, ambiguous, overbroad, as to "[a]ll documents," "rules," "regulations," "instructional aids," "policies," "policy statements," "program statements,"  "memoranda," "concerning City and/or NYPD policy," "procedure," and "practice." Defendant further objects on the grounds that it seeks irrelevant information, is unduly burdensome and not proportionate to the needs of the case because it seeks a wide variety of documents without sufficient subject matter limitation and without establishing the document's relevance to plaintiffs' claims.  Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information privilege, and/or other applicable privileges. Consistent with these objections, defendant will not further respond to this Document Request.

**DOCUMENT REQUEST NO. 27:**

All training materials (including, but not limited to, sections of the Police Student's Guide, training manuals, instructions, pamphlets, videotapes, bulletins and memoranda), from the earliest date that any of the individual defendants was hired through the date of the incident, on the topics of obtaining and executing search warrants; surveillance of individuals and/or locations; procedures for locating a suspect; what constitutes "exigent circumstances" to enter a home; proper handling of evidence; safeguarding the property of arrestees; procedures for gaining forced entry to a residence (and in particular NYCHA apartments).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to Document Request No. 27 on the grounds that it is duplicative of Document Request No. 26. Defendant further objects on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague, ambiguous, and overbroad as to "all training

42

materials," "instructions," "pamphlets," "videotapes," "memoranda," and "through the date of the incident." Defendant further objects on the grounds that it is unduly burdensome; not proportionate to the needs of the case; not sufficiently limited in time and scope because it seeks materials for time periods other than the time of the incident and is therefore requesting irrelevant information. Defendant further objects on the grounds that it assumes facts not established; and to the extent this request seeks privileged information and implicates the law enforcement privilege, official information privilege, and/or other applicable privileges. Consistent with these objections, defendant will not further respond to this Document Request.

**DOCUMENT REQUEST NO. 28:**

Any and all emails sent from or to each defendant's department-issued email address on the date of the incident, as well as any and all emails concerning or mentioning the incident, regardless of the date(s) of the emails.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to Document Request No. 28 on the grounds that the term "Incident" defined by plaintiff as "events described in the complaint" is vague and ambiguous. Defendant further objects on the grounds that it is vague and ambiguous as to "dates of the incident," and "concerning or mentioning the incident" and overbroad as it requests all emails sent from or to each defendant on the their department issued email address regardless of subject matter and therefore violates their privacy rights, raises security concerns, and potentially implicates numerous privileges and/or sealing provisions. Defendant further objects on the grounds that it is not sufficiently limited in time and scope because it provides no time limitation; assumes facts not established namely that any emails were sent or received. Defendant further objects to the extent it implicates the safety, security, and privacy concerns of each individual defendant or other non-parties involved and to the extent it seeks information protected from disclosure by N.Y. CRIM.

43

PROC. LAW §§ 160.50, 160.55, N.Y. FAM. CT. ACT § 375.1 and/or HIPAA. Defendant further objects to the extent this request seeks privileged information and implicates the law enforcement, official information, attorney-client, work product, deliberative/pre-decisional, and/or other applicable privileges; and seeks information that is more appropriately obtained through alternate means, namely deposition. Subject to, and without waiving any of these specific objections, defendant will provide copies of any non-privileged emails sent to and from the defendant officers on their department issued email addresses on the incident date that specifically concern the incident, if any such information is located. Defendant will supplement this response within 30 days.

Dated: New York, New York
       December 8, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-180
New York, New York 10007
Phone: (212) 356-2656

By:    */s/ Esther (Eun Jee) Kim*
       Esther (Eun Jee) Kim
       *Assistant Corporation Counsel*
       Special Federal Litigation Division

cc:    **VIA E-MAIL**
       Rose M. Weber, Esq.
       Law Office of Rose M. Weber
       199 Main Street, Suite 801
       White Plains, NY 10601
       Email: rose_weber@juno.com